UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED NATIONAL INSURANCE COMPANY,

                         Plaintiff,

           -against-

BLANDFORD CONSTRUCTION CORP.,
CHRISTOPHER LICKMAN, and KEN LICKMAN

                         Defendants.
-------------------------------------------------------------x

Docket No.: 07-CV-10303
            (PAC)

**DECLARATION IN SUPPORT
OF MOTION FOR A
DEFAULT JUDGMENT**

      **ADAM I. KLEINBERG,** an attorney duly admitted to practice law before this Court and aware of the penalties of perjury, declares the following:

      1.    I am a member of the Bar of this Court and am a partner with the firm of MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, attorneys for plaintiff in the above-entitled action, and I am familiar with all the facts and circumstances in this action.

      2.    I make this declaration pursuant to Fed. R. Civ. Pro. 55 and Local Rules 55.1 and 55.2 for the Southern District of New York, in support of the plaintiff's application for the entry of a default judgment against the defendants, BLANDFORD CONSTRUCTION CORP., CHRISTOPHER LICKMAN, and KEN LICKMAN.

      3.    Plaintiff, UNITED NATIONAL INSURANCE COMPANY (hereinafter "UNITED NATIONAL"), commenced this action seeking a declaration that it has no duty to defend or indemnify any of the defendants with respect to claims asserted in the underlying action entitled *152 Wooster Street Corp. vs. Tribeach Holding, LLC, 160 Wooster Street, LLC, Flintlock Construction Services, LLC, Blandford Construction Corp., and Thomas O'Hara Architects, PLLC*, Index Number 106005/06, in the Supreme Court of the State of New York, New York County (the "underlying action"). A copy of the Summons and Complaint are

attached as Exhibit A.

4.    Jurisdiction of the subject matter of this action is afforded under 28 U.S.C. §1332 and is based on diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs.  In this regard, plaintiff is a Pennsylvania corporation, defendant Blandford Construction Corp. is a New York corporation, defendant Ken Lickman is a resident of the State of New Jersey, and defendant Christopher Lickman is a resident of the State of New Jersey.

5.    This Court has personal jurisdiction over defendant Blandford Construction Corp. by virtue of it being a New York corporation and because it was served within the State of New York through its registered agent.  Personal jurisdiction over defendants Ken Lickman and Christopher Lickman is based upon their both being served with a Summons and Complaint and upon their doing business in New York as the principals of Blandford Construction Corp.

6.    None of the defendants in this case is an infant or incompetent.

7.    This action was commenced on November 14, 2007 by the filing of the Summons and Complaint. *See* Exhibit A.

8.    A copy of the Summons and Complaint was served on defendant Blandford Construction Corp. on November 20, 2007.  A copy of the Affidavit of Service is attached as Exhibit B.

9.    A copy of the Summons and Complaint was served on the defendant, Ken Lickman on November 20, 2007.  A copy of the Affidavit of Service is attached as Exhibit C.

10.    A copy of the Summons and Complaint was served on defendant Christopher Lickman on November 20, 2007.  A copy of the Affidavit of Service is attached as Exhibit D.

11.    Defendants   BLANDFORD   CONSTRUCTION   CORP.,   CHRISTOPHER

LICKMAN, and KEN LICKMAN have not answered or otherwise moved with respect to the Complaint and the time for the defendants to do so has now expired.

12. On January 8, 2008, this firm sent a letter to all three defendants informing them that their answers to the Complaint were overdue and that, if they did not answer promptly, plaintiff would move for a default judgment. Since that time, all three defendants remain in default. A copy of the January 8, 2008 letter is attached as Exhibit E.

13. Accordingly, it is respectfully submitted that plaintiff UNITED NATIONAL INSURANCE COMPANY is entitled to a default judgment against non-answering defendants, BLANDFORD CONSTRUCTION CORP., KEN LICKMAN, and CHRISTOPHER LICKMAN.

14. **WHEREFORE,** plaintiff, UNITED NATIONAL INSURANCE COMPANY, respectfully requests that this Court enter an order and judgment declaring that plaintiff is not obligated to defend or indemnify defendants, BLANDFORD CONSTRUCTION CORP., KEN LICKMAN, and CHRISTOPHER LICKMAN in the Underlying Action, together with such other and further relief as this court deems just, equitable and proper.

Dated: Mineola, New York
     January 30, 2008

                                      ADAM I. KLEINBERG (AIK-0468)

**Exhibit A**

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

|  Southern | District of | New York  |
|---|---|---|

UNITED NATIONAL INSURANCE COMPANY

**SUMMONS IN A CIVIL ACTION**

V.

BLANDFORD CONSTRUCTION CORP.
CHRISTOPHER LICKMAN, and KEN LICKMAN

CASE NUMBER:

## 07 CV 10303

### JUDGE CROTTY,

TO: (Name and address of Defendant)

Blandford Construction Corp.
60 Coffey Street
Brooklyn, NY 11231

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
Attn: Michael Miranda
240 Mineola Boulevard
Mineola, New York 11501

an answer to the complaint which is served on you with this summons, within _____thirty (30)_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

NOV 1 4 2007

| CLERK | | DATE |
|---|---|---|

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____  District of _____  New York

UNITED NATIONAL INSURANCE COMPANY

**SUMMONS IN A CIVIL ACTION**

V.

BLANDFORD CONSTRUCTION CORP.,
CHRISTOPHER LICKMAN, and KEN LICKMAN

CASE NUMBER:

## 07 CV 10303

## JUDGE CROTTY

TO: (Name and address of Defendant)

Christopher Lickman
629 Maple Avenue
Elizabeth New Jersey, 07202

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
Attn: Michael Miranda
240 Mineola Boulevard
Mineola, New York 11501

an answer to the complaint which is served on you with this summons, within _____ thirty (30) _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

NOV 1 4 2007

CLERK _Marcos Quintero_

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Southern_____  District of  _____New York_____

UNITED NATIONAL INSURANCE COMPANY

**SUMMONS IN A CIVIL ACTION**

V.

BLANDFORD CONSTRUCTION CORP.,
CHRISTOPHER LICKMAN, and KEN LICKMAN

CASE NUMBER:

## 07 CV 10303

## JUDGE CROTTY

TO: (Name and address of Defendant)

Ken Lickman
19 Zaleski Drive
Sayreville, New Jersey, 08872-1860

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
Attn: Michael Miranda
240 Mineola Boulevard
Mineola, New York 11501

an answer to the complaint which is served on you with this summons, within _____thirty (30)_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    NOV 1 4 2007

CLERK _Marcos Quintero_                          DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE CROTTY

------------------------------------------------------------x

UNITED NATIONAL INSURANCE COMPANY,

07  CV  10303

                   Plaintiff,        CV

       -against-               **COMPLAINT**

BLANDFORD CONSTRUCTION CORP.,
CHRISTOPHER LICKMAN, and KEN LICKMAN

                 Defendants.

RECEIVED
NOV 14 2007
U.S.D.C. S.D.N.Y.
CASHIERS

------------------------------------------------------------x

Plaintiff, UNITED NATIONAL INSURANCE COMPANY ("UNITED NATIONAL"),

by its attorneys MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP,

complaining of the defendants, alleges as follows:

### THE PARTIES

    1.     At all times hereinafter mentioned, plaintiff has its principal place of business at

Three Bala Plaza East, Suite 300, Bala Cynwyd, Pennsylvania 19004.

    2.     At all times hereinafter mentioned plaintiff was and still is a corporation duly

organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania.

    3.     At all times hereinafter mentioned, plaintiff was authorized to issue policies of

insurance in the State of New York.

    4.     At all times hereinafter mentioned, defendant BLANDFORD CONSTRUCTION

CORP. ("BLANDFORD") was and still is a corporation duly organized and existing under and

by virtue of the laws of the State of New York, with an agent for service of process at 15 McKay

Place, New York, New York.

5.     That upon information and belief, at all times hereinafter mentioned, BLANDFORD has business offices located at 60 Coffey Street, Brooklyn, New York 11231.

6.     That at all times hereinafter mentioned, CHRISTOPHER LICKMAN AND KEN LICKMAN (the "LICKMANS") were and are the principals of BLANDFORD.

7.     That at all times hereinafter mentioned, defendant CHRISTOPHER LICKMAN resided at 629 Maple Avenue, Elizabeth, New Jersey 07202.

8.     That at all times hereinafter mentioned, defendant KEN LICKMAN resided at 19 Zaleski Drive Sayreville, New Jersey 08872-1860.

## JURISDICTION

9.     This Court has subject matter jurisdiction due to diversity of citizenship and an aggregate amount in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the claim arose in this district.

10.     A controversy exists between the parties as to the coverage afforded under a policy of insurance and the provisions of said policy.

11.     Circumstances exist that justify the determination by the Court, pursuant to 28 U.S.C. § 2201, of the rights and obligations of the plaintiff as to the provisions of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendant.

12.     Plaintiff has no adequate remedy at law.

## THE UNDERLYING ACTION

13.     152 Wooster St. Corp. commenced an action in the Supreme Court of the State of New York, County of New York, captioned 152 Wooster St. Corp. v. Tribeach Holdings LLC, 160 Wooster Street LLC, Flintlock Construction Services LLC, Blandford Construction Corp.,

H. Thomas O'Hara, Architects, PLLC, Index Number 106005/06, for property damage allegedly

sustained by 152 Wooster Street on July 21, 2003. (the "152 Wooster Action")

## THE UNITED NATIONAL POLICY

14.    Plaintiff UNITED NATIONAL issued to defendant BLANDFORD, a policy of

insurance, numbered L7166051, which afforded the defendants certain commercial liability

coverage for the policy period November 8, 2002 to November 8, 2003 (the "Policy").

15.    The Policy provided coverage subject to its terms, conditions, limits, exclusions

and endorsements.

16.    That UNITED NATIONAL has been providing BLANDFORD with a defense in

the 152 Wooster Action pursuant to this policy at no cost to BLANDFORD and/or the

LICKMANS.

## AS AND FOR A FIRST CAUSE OF ACTION

17.    Plaintiff repeats and realleges each and every allegation contained in the

paragraphs of the complaint numbered "1" through "16" as if fully set forth at length herein.

18.    The Policy provides in pertinent part:

## SECTION IV-COMMERCIAL GENERAL LIABILITY CONDITIONS
*        *        *
**2.    Duties In the Event Of Occurrence, Offense, Claim Or Suit**
*        *        *
c.    You and any other involved insured must:
*        *        *
(3)    Cooperate with us in the investigation or settlement of the
claim or defense against the "suit"; and

(4)    Assist us, upon our request, in the enforcement of any right
against any person or organization which may be liable to
the insured because of injury or damage to which this
insurance may also apply.

19.    Plaintiff has continuously attempted to secure the cooperation of BLANDFORD,

and the LICKMANS in the 152 Wooster Action.

20.    That BLANDFORD and the LICKMANS have failed to cooperate with and assist UNITED NATIONAL by ignoring requests to contact their chosen defense counsel and investigators assisting in the defense of the 152 Wooster Action.

21.    That BLANDFORD specifically and the LICKMANS have ignored requests to attend a court ordered examination before trial and refuse to communicate and/or assist with UNITED NATIONAL and its defense team in the defense of the 152 Wooster Action.

22.    That furthermore, BLANDFORD and the LICKMANS have failed to cooperate with UNITED NATIONAL and its defense team in terms of a scheduled inspection of the property at issue.

23.    That BLANDFORD and the LICKMANS have failed to assist UNITED NATIONAL by failing to provide pertinent information and documents relevant to the defense, such as relevant contracts.

24.    That UNITED NATIONAL, its investigators; and defense counsel in the 152 Wooster Action have repeatedly and continuously attempted to secure BLANDFORD's and the LICKMANS' cooperation through letters; diligent investigation and other efforts which were reasonably calculated to obtain BLANDFORD's and the LICKMANS' cooperation.

25.    Despite UNITED NATIONAL's diligent investigation and efforts which were reasonably calculated to obtain BLANDFORD's and the LICKMANS' cooperation, BLANDFORD's and the LICKMANS' attitude has been one of willful, avowed and deliberate obstruction and non-cooperation.

26.    UNITED NATIONAL has been severely prejudiced by BLANDFORD and the LICKMANS in that their non-cooperation will result in an application by 152 Wooster to strike BLANDFORD's answer, and otherwise preclude it from presenting evidence on their behalf.

27.    That coverage is thus vitiated by virtue of BLANDFORD and the LICKMANS' breach of the aforesaid cooperation condition precedent to coverage.

28.    Accordingly, coverage is no longer afforded to BLANDFORD or the LICKMANS pursuant to the Policy, as to any claims against them or any other party in the 152 Wooster Action or any action related to the claims giving rise to the 152 Wooster Action.

29.    By reason of the foregoing, UNITED NATIONAL has no duty to defend and indemnify BLANDFORD or the LICKMANS, in the 152 Wooster Action or with respect to any and all claims made and suits brought in any action related to the claims giving rise to the 152 Wooster Action.

30.    By reason of the foregoing, UNITED NATIONAL is entitled to a declaration that it has no duty to defend and indemnify BLANDFORD and provide the LICKMANS with coverage in the 152 Wooster Action or with respect to any and all claims made and suits brought in any action related to the claims giving rise to the 152 Wooster Action.

**WHEREFORE**, plaintiff UNITED NATIONAL INSURANCE COMPANY prays that judgment be made and entered herein:

(a)    declaring that plaintiff is not obligated to defend BLANDFORD CONSTRUCTION CORP., CHRISTOPHER LICKMAN, or KEN LICKMAN, in the 152 Wooster Action, any related action or any claims giving rise thereto;

(b)    declaring that plaintiff is not obligated to indemnify BLANDFORD CONSTRUCTION CORP., CHRISTOPHER LICKMAN, or KEN LICKMAN, in the 152 Wooster  Action, any related action or any claims giving rise thereto; and

(c)    granting to plaintiff such other and further relief as this Court deems just, proper and equitable under the circumstances, together with the costs and disbursements of this action.

DATED:    Mineola, New York
          November 13, 2007

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS, LLP
Attorneys for Plaintiff
**UNITED NATIONAL INSURANCE
COMPANY**

By:_____

Michael A. Miranda (MAM-6413)
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
(516) 741-9060 (Fax)
Our file no.: 07-602

**Exhibit B**

Index # 07 cv 10303
Purchased/Filed: November 14, 2007

# AFFIDAVIT OF SERVICE ON A CORPORATION BY THE SECRETARY OF STATE

State of New York

U. S. District Court

Southern Dist. County

United National Insurance Company

Plaintiff

against

Blandford Construction Corp.; et al

Defendant

STATE OF NEW YORK )
COUNTY OF ALBANY  ) SS
CITY OF ALBANY    )

## DESCRIPTION OF PERSON SERVED:

Weight: __155 Lbs__  Height: __5'5__  Sex: __Female__  Color of skin: __White__

Approx. Age: __45 yrs__

Hair color: __Blonde__  Other: _____

__Robin Brandow_____, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on _____November 20, 2007_____ , at __3:00pm__ , at the office of the Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

_____Summons in a Civil Action, Complaint Rule 7.1 Statement_____ on

_____Blandford Construction Corp._____ , the

Defendant in this action, by delivering to and leaving with _____Donna Christie_____

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of ____40.____ dollars; That said service was made pursuant to Section __BUSINESS CORPORATION LAW §306__ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Sworn to before me on this

__20th__ day of _____November, 2007_____

FAITH CORY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2011

Robin Brandow

Invoice-Work Order # 0723420

State of New York - Department of State
Receipt for Service

Receipt #: 20071121010104
Date of Service: 11/20/2007          Cash #: 20071121010103
Service Company: 02 ALEXANDER POOLE & CO., INC. - 02    Fee Paid: $40 - CHECK

Service was directed to be made pursuant to: SECTION 306 OF THE BUSINESS
CORPORATION LAW

Party Served:  BLANDFORD CONSTRUCTION CORP.

Plaintiff/Petitioner:
            UNITED NATIONAL INSURANCE COMPANY

Service of Process Address:
BLANDFORD CONSTRUCTION CORP.
15 MCKAY PLACE
NEW YORK, NY *

                              Secretary of State
                              By DONNA CHRISTIE

**Exhibit C**

AO 440 (Rev. 8/01) Summons in a Civil Action   COMPLAINT AND RULE 7.1 STATEMENT   Index # 07-CV- 1030?

| Amended | RETURN OF SERVICE |
|---|---|

| Service of the Summons and complaint was made by me[1] | DATE 11/19/07 @ 8:05 pm |
|---|---|
| NAME OF SERVER (PRINT) Craig Venson | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☒ Served ~~personally~~ upon the defendant. Place where served:   Ken Lickman
at 19 Zaleski Drive, Sayreville, NJ 08872

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ ~~Returned unexecuted:~~ Attempts: 11/16/07 @ 3:00am, 11/16/07 @ 7:45am, 11/16/07 @ 9:10pm
11/17/07 @ 9:15am, 11/17/07 @ 11:35am. There was someone home, Refusing
to answer the door.

☒ Other (specify): Posted to door after 5 attempts as noted below. Address
verified by neighbor. Copy of documents mailed on 11/20/08

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  JAN/23/2008          Craig Venson
                Date                 Signature of Server

Box 88, Somerville NJ 08876
Address of Server

sworn to me this day 1/23/08
Karen Lee Swickle
KAREN LEE SWICKLE
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 1/7/2012

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Exhibit D**

U.S. DISTRICT COURT OF THE STATE OF NEW YORK
COUNTY OF SOUTHERN

*Maverick Process* 516-693-1100

UNITED NATIONAL INSURANCE COMPANY,

|  |  |  |
|---|---|---|
| | Petitioner(s) | ATTORNEY  SOKOLOFF    19811 |
| | Plaintiff(s) | RETURN DATE |
| | | INDEX NO    07 CV 10303 |
| | | INDEX DATE    11/14/2007 |
| - against - | Defendant(s) | CALENDAR NO |
| BLANDFORD CONSTRUCTION CORP., CHRISTOPHER LICKMAN, AND KEN LICKMAN | Respondent(s) | 3rd PARTY INDEX# |
| | | HONORABLE JUDGE CROTTY |

STATE OF NEW YORK: COUNTY OF NASSAU          SS.:          **AFFIDAVIT OF SERVICE**

THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 11/19/2007    at    6:30 AM    at    629 MAPLE AVENUE ELIZABETH, NJ 07202

deponent served the within  SUMMONS IN A CIVIL ACTION, COMPLAINT AND RULE 7.1 STATEMENT          **upon**

CHRISTOPHER LICKMAN

☑ *Said Documents Were Properly Endorsed with the Index Number and Date of Filing thereon*

witness/defendant/respondent (hereafter called the recipient) therein named.

**A. Individual** ☐  By Personally delivering to and leaving with said individual, and that he knew the person so served and described as recipient there

**B. Corp/ Prtnshp** ☐  By delivering to and leaving with                                                    and that he knew the person so served and authorized to accept service to ☐an officer ☐Director ☐managing agent or general agen ☐cashier ☐AsstCashier ☐Agent authorized by appointment or by law to receive service.

**C. Suitable Age Person** ☐  By delivering thereat a true copy of each to                          a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state

**D. Affixing to Door, Etc.** ☑  By affixing a true copy of each to the door of said premises, which is recipient's ☐actual place of business ☐dwelling place ☑usual place of abode within the state.  Deponent was unable, with due diligence to find recipient or a person of suitable age discretion, thereat, having called there
11/15/2007 @ 7:30:00 PM  ,          11/16/2007 @ 5:45:00 PM  ,          11/19/2007 @ 6:30:00 AM
Deponent talked to                                who stated that recipient ☐ lived ☐ worked there.

**E. Mailing W/B.C or** ☑  On      11/20/2007          Deponent completed said service under the last two sections by mailing a copy of the above named process by First Class Mail addressed to the witness/defendant/respondent to the above address of service which is recipient's ☑ last known residence ☐ last known place of business (with additional endorsement of Personal and Confidential on face of envelope.)
☐ RPAPL 735 An additional mailing by Certified Mail was made to the respondent at the premise sought to be recovered.

**F. DRL Sec232** ☐  The required notice was legibly printed on the face of the summons. I identified the defendant by photograph annexed hereto which was provided by the plaintiff.

**G.**
**Description** ☐

| SEX | SKIN COLOR | HAIR COLOR | AGE (approx.) | HEIGHT (approx.) | WEIGHT (approx.) |
|---|---|---|---|---|---|
| OTHER | | | | | |

**Sec.8001Fee** ☐  A fee of  $0.00  . pursuant to CPLR Section 8001, was tendered to the witness.

**Military** ☐  I asked the person spoken to whether the defendant/respondent was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Defendant/Respondent were ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant/respondent is not in the military service of New York State or of the United States as the term is defined in either the State or in the Federal statutes.

Sworn Before me this day 20  of

NOVEMBER                    2007

_(NOTARY PUBLIC)_

DONNA L. ODRISCOLL
NOTARY PUBLIC, State of New York
No. 01OD6126123
Qualified in Nassau County
Commission Expires on 4/25/2009

GLENN CONSOR #0000000

**Exhibit E**

# MSSSV
## MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP

MICHAEL A. MIRANDA*
BRIAN S. SOKOLOFF
STEVEN VERVENIOTIS
ONDINE SLONE
NEIL L. SAMBURSKY*
RICHARD S. SKLARIN°
STEVEN C. STERN
ADAM I. KLEINBERG

—

MARK R. OSHEROW*◊□
COUNSEL

WRITER'S DIRECT DIAL:
(516) 741-7755

WRITER'S E-MAIL:
MMIRAND@MSSSV.COM

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL   (516) 741-7676
FAX   (516) 741-9060

WWW.MSSSV.COM

BRANCH OFFICES:
WESTCHESTER, NY
NEW YORK, NY
FANWOOD, NJ

JENNIFER E. SHERVEN
GABRIELLA CAMPIGLIA
TODD HELLMAN
CHARLES A. MARTIN
KIERA J. MEEHAN
DAMIAN F. FISCHER
MARIA THOMAS
NANCY R. SCHEMBRI°°
MICHAEL V. LONGO
MELISSA HOLTZER
MICHAEL P. SIRAVO
ARIEL S. ZITRIN

* ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CONNECTICUT
□ ALSO ADMITTED IN FLORIDA
°RESIDENT IN WESTCHESTER

January 8, 2008

Blandford Construction Corp.
60 Coffey Street
Brooklyn, NY 11231

Christopher Lickman (Certified Mail)
629 Maple Avenue
Elizabeth, NJ 07202

Ken Lickman (Certified Mail)
19 Zaleski Drive
Sayreville, NJ 08872-1860

**Re:**    United National Insurance Company v. Blandford Construction
Corp., Christopher Lickman, and Ken Lickman.
Our File No. 07-602

Gentlemen:

We represent United National Insurance Company in the above referenced declaratory judgment action, which was filed in United States District Court for the Southern District of New York on November 14, 2007. We have obtained affidavits of service showing that each of the above named defendants was served on November 20, 2007. Your answers were due thirty (30) days from the date of service.

We are writing to inform you that your answers are overdue and that if we do not receive them in a timely fashion, we will commence a default action against the three named defendants in the above referenced matter.

If you have any questions, please do not hesitate to contact me.

Sincerely,
**MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP**

Michael A. Miranda

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                              ) s.s.:

COUNTY OF NASSAU     )

       **GLYNIS SHARP,** being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Valley Stream, New York.

       That on January 31, 2008, deponent served the within **NOTICE OF MOTION and DECLARATION** upon:

Blandford Construction Corp.
60 Coffey Street
Brooklyn, NY 11231

Christopher Lickman
629 Maple Avenue
Elizabeth, NJ 07202

Ken Lickman
19 Zaleski Drive
Sayreville, NJ 08872-1860

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                                    **GLYNIS SHARP**

Sworn to before me this 31st day
of January, 2008.

NOTARY PUBLIC

**GABRIELLA CAMPIGLIA**
**Notary Public, State of New York**
**No. is 02CA6144909**
**Qualified in Nassau County**
**Commission Expires May 01, 2010**